UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOME-A-NATION, LLC,

                              Plaintiffs,

v.                                                                    **ORDER**

BLUE SKY INTERNATIONAL, INC.                          No. 20-CV-05862 (PMH)
and TURF NATION, INC,

                              Defendants.
------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On December 9, 2020, Plaintiff moved by way of proposed Order to Show Cause for the entry of a default judgment against defendants Blue Sky International, Inc. ("Blue Sky") and Turf Nation, Inc. ("Turf Nation" and together, "Defendants"). (Docs. 20-24). On December 10, 2020, the Court issued an Order to Show Cause, returnable on January 8, 2021 on submission, why default judgment should not be entered against Defendants. (Doc. 25). On January 5, 2021, Sid O. Nicholls filed a response to the Order to Show Cause purportedly on behalf of Turf Nation. (Doc. 29). On January 8, 2021, the Court extended the time to February 12, 2021 for Turf Nation to secure counsel and submit opposition papers, marked peremptorily against it, warning Turf Nation that a corporation may not proceed *pro se* and the failure to appear in the action through counsel could result in the entry of a default against it. (Doc. 30). To date, the Court has not received any response to the Order to Show Cause from Blue Sky, and no further response properly submitted or otherwise on behalf of the corporation has been received from Turf Nation.

To establish that the entry of default judgment is proper with respect to both liability and damages, Plaintiff is directed to supplement its motion for a default judgment by April 30, 2021. Specifically, Plaintiff shall serve and file, by affidavit of a person with personal knowledge, the contract(s) or other agreements at issue, proof of payment of the amount(s) in controversy, and

any other documents necessary to permit the Court to enter the requested default judgment. In addition, Plaintiff is directed to set forth, with citation to relevant law and documentary support, why Plaintiff should recover from Turf Nation in the absence of privity between the parties.

Any opposition to Plaintiff's supplemental submission shall be served and filed no later than May 21, 2021. Defendants are reminded that a corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear pro se. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22–23 (2d Cir. 1983). This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). Thus, in order to oppose Plaintiff's application, Defendants must obtain representation through a licensed attorney to appear in this case and the failure to do so may constitute grounds for entry of default judgment under Federal Rule of Civil Procedure 55. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *Grace*, 443 F.3d at 192; *Eagle Associates v. Bank of Montreal*, 925 F.2d 1305, 1310 (2d Cir. 1991).

Plaintiff is directed to serve a copy of this Order on Defendants, and shall file proof of such service no later than April 12, 2021.

Dated:  White Plains, New York
        March 30, 2021

**SO ORDERED:**

_____

Philip M. Halpern
United States District Judge