```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOME-A-NATION, LLC,

                        Plaintiff,
v.                                                              ORDER

BLUE SKY INTERNATIONAL, INC., et al.,                           No. 20-CV-05862 (PMH)

                        Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

On November 3, 2021, in light of Plaintiff's failure to appear at the initial conference and failure to take any steps in the action since the filing of the amended complaint, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Doc. 49). Plaintiff, on November 15, 2021, responded to the Order to Show Cause and requested leave to move for a default judgment against defendant Turf Nation. (Doc. 50). The Court granted Plaintiff's request and directed Plaintiff to file a motion for default judgment in accordance with the applicable Rules and this Court's Individual Practices by January 14, 2022. (Doc. 51).

Plaintiff did not move for default judgment by January 14, 2022. Accordingly, on January 26, 2022, the Court ordered Plaintiff, by February 2, 2022, to either file its motion for default judgment in accordance with the applicable Rules and this Court's Individual Practices, or (2) advise the Court in writing why Plaintiff has not complied with the Court's January 14, 2022 deadline. (Doc. 52). The February 2, 2022 order further warned that failure to comply with that order would result in dismissal of this action. (*Id.*). Plaintiff, to date, has not responded to the February 2, 2022 order.

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge

may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v.*

2

*Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff failed to comply with the Court's November 16, 2021 order (Doc. 51), respond to the Court's order issued on January 26, 2022 (Doc. 52), or take any steps to advance this action since it requested to move for default judgment on November 15, 2021 (Doc. 50). Indeed, Plaintiff has not communicated in any way with the Court since the November 15, 2021 attorney affidavit was filed. (*Id.*). Plaintiff's failure to comply with two orders over six months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff was explicitly warned that failure to comply with the Court's directives would result in dismissal of this action. The January 26, 2022 order specifically warned that, "[i]f, by February 2, 2022, Plaintiff fails to either move for default judgment or show cause in writing for its failure to comply with the January 14, 2022 deadline, Plaintiff's Amended Complaint shall be dismissed for failure to prosecute." (Doc. 52 at 1).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite Orders directing it to do so.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an

3

expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since November 16, 2021, after Plaintiff responded to an Order to Show Cause why the action should not be dismissed for failure to prosecute, requesting leave to move for a default judgment against defendant Turf Nation, the Court pressed Plaintiff to participate in this action. (Docs. 50-52). Plaintiff has not complied with those orders and there is no reason to believe that it intends to pursue this action any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice.

The Clerk of Court is respectfully requested to close this case.

Dated: White Plains, New York
       May 26, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge

4